IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOYER HAZELWOOD; and SUE HAZELWOOD,<br><br>    Plaintiffs,<br><br>  v.<br><br>A.W. CHESTERTON COMPANY; PNEUMO ABEX LLC, successor in interest to ABEX CORPORATION; and HONEYWELL INTERNATIONAL INC.,<br><br>    Defendants.<br>_____/ | No. C 12-1313 CW<br><br>ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO REMAND (Docket No. 31) |

    Plaintiffs Moyer and Sue Hazelwood have renewed their motion to remand to state court their case against Defendants Pneumo Abex LLC, Honeywell International, Inc., and Carlisle Corporation. The Court takes judicial notice of the response to Plaintiffs' motion to remand filed by Pneumo Abex while this case was pending in the Eastern District of Pennsylvania and takes the motion under submission on the papers. Having considered the arguments presented by the parties in their papers, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

    Plaintiffs initiated this action in the Alameda County Superior Court on July 18, 2011, naming more than two dozen corporations as Defendants.

    On January 20, 2012, Plaintiffs served their settlement conference statement pursuant to California Rule of Court section 3.1380(c), identifying as Defendants only Bridgestone Americas Tire Operations, LLC, Pneumo Abex, Honeywell, Carlisle, Borg-

Warner Corporation, Kelsey Hayes Company, Eaton Corporation, Thyssenkrupp Budd Corporation, Cummins, Inc. and Crane Co. Worsey Decl., Ex. E. Each of these Defendants is incorporated outside of California and none has its principal place of business inside of California. Worsey Decl., Exs. F-M.

On January 27, 2012, the mandatory settlement conference took place. Worsey Decl. ¶ 25. It was attended by counsel for the Defendants named in Plaintiffs' statement, except Crane Co. Worsey Decl., Ex. O. Counsel also appeared on behalf of four Defendants not named in the statement; three of these attorneys also represented Defendants who were so named. Id. Each of these four additional Defendants is incorporated outside of California and none has its principal place of business inside of California. Worsey Decl., Exs. P-R. At the settlement conference, the presiding judge asked if any other Defendants were expected, and Plaintiffs responded in the negative and informed the judge that all remaining active Defendants were present and that all other Defendants had either settled or "would be" dismissed. Worsey Decl. ¶¶ 29-31. Plaintiffs had agreed to dismiss Allied Packing & Supply, Inc., a corporate citizen of California, prior to the settlement conference. Id. at ¶ 32.

On March 6, 2012, Plaintiffs emailed Pneumo Abex, Carlisle and Honeywell a proposed joint juror questionnaire, which identified only Pneumo Abex, Honeywell, Carlisle and Borg-Warner as Defendants. Worsey Decl. ¶¶ 42, 45, Ex. T. Borg-Warner, also a non-California entity, had already settled with Plaintiffs and was included inadvertently in Plaintiffs' proposed questionnaire. Id. at ¶ 46.

2

On March 8, 2012, Carlisle emailed Plaintiffs, Honeywell and Pneumo Abex a proposed joint juror questionnaire, which included only Pneumo Abex, Honeywell and Carlisle as Defendants. Worsey Decl. ¶¶ 43, 47, Ex. U.

Also on March 8, 2012, Plaintiffs, Pneumo Abex, Honeywell and Carlisle had a telephone conference and discussed the juror questionnaire and other pretrial matters. Worsey Decl. ¶¶ 48-49. Plaintiffs state that the parties largely adopted the juror questionnaire proposed by Carlisle.

On March 9, 2012, the state court held a pretrial conference. Worsey Decl. ¶ 50. The only attendees were Plaintiffs, Pneumo Abex, Honeywell and Carlisle. Id. On the same day, March 9, 2012, Plaintiffs filed a request for dismissal without prejudice against Allied Packing, and the Court dismissed Allied Packing.

Prior to the start of trial, between March 5 and 13, 2012, the court held five additional days of settlement conferences. Simes Decl. ¶ 4. Plaintiffs, Pneumo Abex, Honeywell and Carlisle attended these sessions. Id. at ¶¶ 4-5, Ex. A. In addition, Cummins, another non-California entity, appeared on March 5 and 7, 2012 before settling with Plaintiffs. Id. The court also conducted various other pretrial matters, including ruling on the parties' motions in limine on March 13, 2012. Notice of Removal (NOR), Ex. C (Trial Court docket).

On March 14, 2012, trial began in state court, and over that day and the next, the state court went through the jury selection process. During that time, Pneumo Abex never informed the state court or Plaintiffs that it intended to remove the case to federal court.

On March 16, 2012, Pneumo Abex removed the case to this Court, with the consent of Carlisle and Honeywell. Docket No. 1. Pneumo Abex stated, "Plaintiffs have made clear their intent to proceed to trial in the State Action against only Pneumo Abex, Carlisle and Honeywell. Accordingly, the state court trial judge, with Plaintiffs' collaboration, prepared a Juror Questionnaire that identifies as the only defendants Pneumo Abex, Carlisle and Honeywell." NOR ¶ 10. It further declared that the NOR was timely because it "is filed within 30 days of March 9, 2012, when the last California-based defendant, Allied Packing & Supply, Inc., was voluntarily dismissed by Plaintiffs." Id. at ¶ 12.

On March 29, 2012, Plaintiffs moved to remand this case to state court. Docket No. 16.

On April 3, 2012, this Court received an order from the Judicial Panel on Multidistrict Litigation (JPML), transferring the action to the Eastern District of Pennsylvania. Docket No. 26.

While the action was pending in the Eastern District of Pennsylvania, Plaintiffs renewed their motion to remand, and Pneumo Abex filed an opposition to it.

On April 30, 2012, Judge Eduardo C. Robreno in the Eastern District of Pennsylvania filed a suggestion of remand with the JPML, which issued a conditional remand order. Pneumo Abex subsequently moved to vacate the conditional remand order.

On June 8, 2012, the JPML denied Pneumo Abex's motion, and remanded the action to this Court.

On June 13, 2012, Plaintiffs renewed their motion to remand again. Docket No. 31.

4

LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

DISCUSSION

Plaintiffs contend that, by waiting to file its Notice of Removal until March 16, 2012 after two days of jury selection had taken place, Pneumo Abex waived its right to remove.

The Ninth Circuit recognizes that a defendant may waive its right to remove a case to federal court. See, e.g., Eie Guam Corp. v. Long Term Credit Bank of Japan, 322 F.3d 635, 649 (9th Cir. 2003); Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). It is well established that a "'waiver of the right of removal must be clear and unequivocal.'" Resolution Trust Corp., 43 F.3d at 1240 (quoting Beighley v. FDIC, 868 F.2d 776, 782 (5th Cir. 1989). "In general, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" Id. at 1240

5

(quoting Beighley, 868 F.2d at 782.  Thus, where "a party takes a necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly does not waive the right to remove."  Id.

"However, it is also well established that a defendant 'may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.'"  Acosta v. Direct Merchs. Bank, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002) (quoting Resolution Trust Corp., 43 F.3d at 1240)).

While a "case may be properly removed shortly before or during trial proceedings in state court, . . . [t]o avoid waiving the right to remove when grounds for removal become apparent during trial proceedings, defendants must usually take prompt action."  Barabin v. Albany Int'l Corp., 2007 U.S. Dist. LEXIS 94637, at *6 (W.D. Wash.) (citations omitted).  See also Mancari v. A C & S Co., 683 F. Supp. 91, 95 (D. Del. 1988) ("When a case is on trial and becomes removable, a defendant should notify the state court of its intent to remove the action as soon as practical, and certainly before any further evidence or substantive matters are presented to the court."); Moore's Federal Practice § 107.18 (recognizing "[c]ontinuing with state court trial when case became removable early in the proceedings" as an act that, "when taken by a defendant, constitute[s] a waiver of the defendant's right to remove to federal court").  For example,

6

in Waldron v. Skelly Oil Co., 101 F. Supp. 425 (D. Mo. 1951), the court found that the defendant had waived its right to remove by allowing the plaintiff's attorney to dismiss the resident defendants and continue to make his opening statement, without interrupting the plaintiff's counsel to request removal. Id. at 428 (noting that many courts have recognized that, "when a case becomes removable during the process of a trial, the right to remove may be waived by proceeding with the trial without objection").

The cases cited by Pneumo Abex agree that a defendant must notify the state court and plaintiffs of its intention to remove before allowing the trial to advance to the next stage. For example, in Heniford v. Am. Motors Sales Corp., 471 F. Supp. 328 (D.S.C. 1979), the remarks of the plaintiff's attorney in his closing argument were effectively a dismissal of the non-diverse defendant, leaving the non-resident defendant as the only remaining defendant and making the case removable, and the defendant filed a notice of removal on the following day. Id. at 331-32. The court concluded that the defendant had not waived its right to remove primarily because the defendant filed its removal papers before the trial advanced to the next stage and could not have averted additional proceedings in the state court by doing so any sooner. Id. at 336-37. Conversely, in Mancari, the court found that the defendant had waived its right to remove because it "was aware of its right to remove this action sometime during the evening of Monday, January 25th, and certainly no later than the morning of Tuesday, January 26th, when the plaintiffs formally notified the Court of the settlement with the other defendants,

7

. . . gave no indication to either the superior court or to the plaintiffs that it was contemplating removing the action to the district court, and, in fact, . . . continued in the trial of the matter" before removing the case on January 27, two days after it learned that the action had become removable. 683 F. Supp. at 95.

Here, Pneumo Abex knew of Plaintiffs' abandonment of their claims against any non-diverse Defendants at least by March 6, 2012, when Plaintiffs emailed their draft juror questionnaire to the remaining Defendants, and conclusively by March 9, 2012, when they formally dismissed Allied Trust. Pneumo Abex had reason to believe since January 2012 that Plaintiffs did not plan to go forward against Allied Trust, the last remaining California Defendant, and had an abundance of time to contemplate its actions.

Yet Pneumo Abex failed to inform the state court promptly of its desire to remove the case to federal court, as it became ever more clear that it was removable. Instead, it proceeded through various pretrial matters and the start of the jury trial before filing its notice of removal, requiring the state court to devote a considerable amount of its limited resources to these matters, even though Pneumo Abex knew that such efforts would be wasted. One hundred fifty citizens were called in for jury duty. Further, such delay especially prejudiced Plaintiffs in light of Moyer Hazelwood's advanced illness and limited life expectancy, of which Pneumo Abex was well aware. Since Pneumo Abex removed this case to federal court, its actions have continued to contribute to delay and the unnecessary consumption of further judicial

resources, including those of this Court, the Eastern District of Pennsylvania and the JPML.

The Court finds that, having unequivocally manifested its intent to have the matter adjudicated in state court by commencing with trial after they knew that the case had become removable, Pneumo Abex and the other removing Defendants have waived their rights to remove this case to federal court. The Court therefore GRANTS Plaintiffs' motion to remand.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs' renewed motion to remand (Docket No. 31). Because the case will be remanded, Honeywell International, Inc.'s motion for partial summary judgment is DENIED as moot (Docket No. 29).

The Clerk shall remand this action to Alameda County Superior Court and close the file.

IT IS SO ORDERED.

Dated: 6/20/2012

CLAUDIA WILKEN
United States District Judge